ORIGINAL

FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

MAR 0 1 2010

JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| GEORGIA-PACIFIC CONSUMER PRODUCTS LP, | ) ) ) | |
| Plaintiff, | ) ) | Civil Action No. 1 10-CV-0584 |
| v. | ) ) | |
| FAMILY DOLLAR STORES, INC. and SUN PAPER COMPANY, | ) ) ) | DEMAND FOR JURY TRIAL |
| Defendants. | ) | |

## COMPLAINT

Georgia-Pacific Consumer Products LP ("Georgia-Pacific") states the

following for its Complaint against Family Dollar Stores, Inc. ("Family Dollar")

and Sun Paper Company ("Sun Paper") (collectively, "Defendants"):

1.      Georgia-Pacific is an industry-leading consumer packaged goods

company that manufactures, markets and sells bath tissue, facial tissue, towels,

napkins, and related consumer products through retail channels throughout the

United States.  Georgia-Pacific manufactures, markets and sells the well-known

ANGEL SOFT® and QUILTED NORTHERN® brands of bath tissue in unique

and distinctive trade dress.  Despite having an entire universe of packaging options

available from which to choose, Defendants recently began offering bath tissue in

packaging obviously designed to trade upon the goodwill of the distinctive

packaging used in connection with ANGEL SOFT and QUILTED NORTHERN

SOFT & STRONG bath tissues, as follows:

GEORGIA-PACIFIC                    FAMILY DOLLAR

 

 

Blatant copying of this type creates a serious likelihood of confusion among

consumers, and is anathema to the public interest.

2.    To identify the brand equity, signify source and communicate high quality associated with the QUILTED NORTHERN brand franchise, Georgia-Pacific employs the same unique, distinctive trade dress elements on the packaging of its QUILTED NORTHERN ULTRA PLUSH bath tissue.  Thus Defendants' actions likewise trade upon the goodwill of the QUILTED NORTHERN ULTRA PLUSH distinctive packaging, depicted below:



3.    Defendants' deceptive and misleading behavior does not stop there. Georgia-Pacific's QUILTED NORTHERN bath tissues also feature the "Quilted Diamond Emboss Pattern" trademark, which – as described in detail below – appears on not only tissue emboss, but also on packaging, and is the subject of incontestable federal trademark registrations, including the following:

3



Reg. No. 2,710,741

(Registration date Apr. 29, 2003)



Reg. No. 1,778,352

(Registration date June 22, 1993)



Reg. No. 1,979,345

(Registration date June 11, 1996)

The designs featured in these registrations are referred to collectively or individually as the "Quilted Diamond Emboss Pattern."

4.    Notwithstanding Georgia-Pacific's long-standing use of its distinctive Quilted Diamond Emboss Pattern, Family Dollar's "Soft" and "Soft & Strong" bath tissues use a confusingly similar design on its bath tissues, as follows:

4

GEORGIA-PACIFIC
QUILTED NORTHERN
BRAND

FAMILY DOLLAR SOFT and
FAMILY DOLLAR SOFT & STRONG

In addition, as depicted in Paragraph 1, the "Soft & Strong" packaging employs a

confusingly similar design to Georgia-Pacific's Quilted Diamond Emboss Pattern.

5.      Compounding matters, Family Dollar's packaging contains false and misleading "Compare To" statements, as follows:



Family Dollar's use of "Compare To" creates false, misleading and/or deceptive impressions, including that its bath tissues have the same performance characteristics as those of Georgia-Pacific, but are cheaper, or are no different than the referenced brand, just sold under Family Dollar's private label. The Family Dollar bath tissues, however, are not comparable to Georgia-Pacific's bath tissues; in fact, the Family Dollar bath tissues are inferior to Georgia-Pacific's bath tissues in various respects. Moreover, Defendants' use of Georgia-Pacific's ANGEL SOFT and QUILTED NORTHERN marks, particularly on confusingly similar packaging for identical goods, creates a false association in the minds of

6

consumers that Defendants' bath tissues are in some way associated or affiliated with Georgia-Pacific.

6.    Willing to deceive consumers and blatantly trading on the goodwill associated with Georgia-Pacific's brands, Defendants have unlawfully created a likelihood of confusion with the ANGEL SOFT trade dress, the QUILTED NORTHERN trade dress, and the Quilted Diamond Emboss Pattern.  Those same actions also dilute Georgia-Pacific's distinctive marks.  Moreover, Defendants' false and misleading "Compare To" claims materially deceive consumers.

## NATURE OF THE ACTION

7.    Georgia-Pacific brings this action for trademark and trade dress infringement, unfair competition, and false advertising under the Trademark Act of 1946, as amended, 15 U.S.C. § 1051 *et seq.* ("Lanham Act"); for trademark dilution under the anti-dilution laws of several states, including the Georgia anti-dilution act, O.C.G.A. § 10-1-451; for deceptive trade practices under the laws of several states, including the Georgia Unlawful Trade Practices Act, O.C.G.A. §§ 10-1-370 *et seq.*; for unfair competition under the laws of Georgia, O.C.G.A. § 23-2-55; for false advertising under the Georgia False Advertising Statute, O.C.G.A. §§ 10-1-421 *et seq.*; and for trademark and trade dress infringement, unfair

competition, false advertising, and deceptive trade practices under the common law of several states, including Georgia.

## PARTIES

8.      Plaintiff Georgia-Pacific Consumer Products LP is a Delaware limited partnership with a principal place of business at 133 Peachtree Street, Atlanta, Georgia 30303.

9.      Defendant Family Dollar Stores, Inc. is a Delaware corporation with its principal place of business located at 10301 Monroe Road, Matthews, North Carolina 28105. Family Dollar, a nationwide dollar store retailer, promotes, distributes, and sells a wide array of household products, including bath tissue, in its retail locations in Georgia and throughout the United States.

10.      Defendant Sun Paper Company is a Florida corporation with its principal place of business located at 150 Retlaw Court, Duncan, South Carolina 29334. On information and belief, Sun Paper manufactures and supplies to Family Dollar the bath tissues that are the subject of this action.

## JURISDICTION AND VENUE

11.      This Court has subject matter jurisdiction over this action pursuant to 15 U.S.C. §§ 1121 and 1125, and 28 U.S.C. §§ 1331 and 1338. This Court has jurisdiction over Georgia-Pacific's state law claims under 28 U.S.C. § 1338(b)

because these claims are joined with substantial and related claims under federal law, and pursuant to the doctrine of supplemental jurisdiction under 15 U.S.C. § 1367.

12.    This Court has personal jurisdiction over Defendants because the Defendants distribute and offer for sale, within the State of Georgia and this judicial District, the infringing bath tissues that are the subject of this action, and have otherwise established contacts with the State of Georgia sufficient for this Court to exercise personal jurisdiction over Defendants.

13.    Venue is proper and appropriate in this District pursuant to 28 U.S.C. § 1391(b)-(c) in that Defendants distribute and offer for sale, within this judicial District, the infringing bath tissues that are the subject of this action, and in that a substantial part of the events giving rise to the claims arise in this judicial District.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

### The ANGEL SOFT Brand and Its Packaging

14.    First introduced in 1944, Georgia-Pacific's ANGEL SOFT brand is one of the most popular and successful bath tissue brands in the United States.

15.    Georgia-Pacific owns several federal trademark registrations incorporating the designation "ANGEL SOFT" for bath tissue, including, by way of example, the following:

| MARK | Reg. No. |
|---|---|
| ANGEL SOFT | 781,414 |
| ANGEL SOFT | 1,172,215 |
| ANGEL SOFT | 2,989,711 |
| ANGEL SOFT (stylized) | 2,512,417 |
| ANGEL SOFT PS | 2,912,982 |

Copies of the Certificates of Registration for these trademarks are attached

collectively as **Exhibit 1**, as are documents evidencing the chain of title for these

registrations.  Pursuant to Sections 8 and 15 of the Lanham Act, 15 U.S.C. §§ 1058

and 1065, Registration Nos. 781,414; 1,172,215; and 2,512,417, are now

incontestable.

16.    In addition to the ANGEL SOFT trademark, Georgia-Pacific

identifies its ANGEL SOFT bath tissue by using distinctive packaging, such as that

depicted below:



The "ANGEL SOFT Trade Dress" consists of a wavy, teal banner wrapped around the middle of the package, with a thin ribbon in another color bordering the top and bottom of the teal banner, and a depiction of a baby in the front center of the package.

17.    The ANGEL SOFT Trade Dress has been used since at least as early as 2001, including as depicted below:

 

18.    Based on Georgia-Pacific's use of the ANGEL SOFT Trade Dress, Georgia-Pacific has also applied to the United States Patent and Trademark Office to register the ANGEL SOFT Trade Dress on the Principal Register, as depicted below (Serial No. 77/941,023):



19.    Since 2002, Georgia-Pacific has invested over $100 million in advertising and promoting ANGEL SOFT bath tissue, through television advertising, print advertising, and other promotional activities.

20.    In addition, Georgia-Pacific also promoted its ANGEL SOFT Trade Dress and brand by investing well over $1 billion in promotional trade programs for its retail bath tissue customers since 2003.

21.    Georgia-Pacific also has promoted its ANGEL SOFT Trade Dress and brand through numerous high profile events, including Disney® sweepstakes, the Angels in Action® volunteer program, and the Bath Moments® promotion on the America's Funniest Home Videos television series.

22.    Georgia-Pacific further promotes its ANGEL SOFT Trade Dress and brand by offering coupons, free standing inserts, in-store sales materials for retail customers, and through outdoor advertising such as posters.   Samples of various promotional materials for ANGEL SOFT bath tissue are attached as **Exhibit 2**.

23.    From 2002 through 2009, retail sales of ANGEL SOFT bath tissue have totaled over $5 billion.

24.    The ANGEL SOFT Trade Dress is inherently distinctive and it is not functional.  Moreover, based on extensive advertising, promotion, and sales,

Georgia-Pacific's ANGEL SOFT Trade Dress has acquired distinctiveness, and enjoys secondary meaning among consumers as a source identifier.

## The QUILTED NORTHERN Packaging

25.    In 1901, Georgia-Pacific predecessor Northern Paper Mills produced its first bath tissue, and in the following year it became known as "Northern Tissue." By the 1920s, Northern Paper Mills emerged as the largest producer of bath tissue in the world.  Production continued throughout the 1900s, and, by 1975, "Northern Tissue" was sold as two-ply tissue.

26.    In 1993, "Northern Tissue" was re-named "QUILTED NORTHERN," and Georgia-Pacific's QUILTED NORTHERN brand remains one of the most popular and successful bath tissue brands in the United States.  In 2006, the QUILTED NORTHERN brand evolved with the introduction of "QUILTED NORTHERN Soft & Strong" and "QUILTED NORTHERN Ultra Plush" bath tissues.

27.    QUILTED NORTHERN is offered for sale in distinctive packaging, as depicted below:



28.    The "QUILTED NORTHERN Trade Dress" consists of a banner featuring the Quilted Diamond Emboss Pattern wrapping around the middle of the package, and bordered by a ribbon of a different shade.

29.    The QUILTED NORTHERN Trade Dress continues the trade dress that was used on QUILTED NORTHERN since at least as early as 2002, and that also is used on QUILTED NORTHERN Ultra Plush bath tissue, as depicted below:




30.     The QUILTED NORTHERN Trade Dress is inherently distinctive and

is not functional.  Moreover, based on extensive advertising, promotion, and sales,

Georgia-Pacific's QUILTED NORTHERN Trade Dress has acquired

distinctiveness and enjoys secondary meaning among consumers as a source

identifier.

### The Quilted Diamond Emboss Pattern Trademark

31.     In 1993, Georgia-Pacific re-named its "Northern Tissue" brand

"QUILTED NORTHERN" to emphasize the unique and distinctive Quilted

Diamond Emboss Pattern, as depicted below:



Sales of QUILTED NORTHERN grew significantly and the Quilted Diamond

Emboss Pattern became synonymous with QUILTED NORTHERN bath tissue.

32.     The packaging for QUILTED NORTHERN bath tissue also

prominently features the Quilted Diamond Emboss Pattern.  For nearly a decade,

the printed portion of the packaging predominantly has featured drawings of the

Quilted Diamond Emboss Pattern, as depicted below:

 

In addition to the design on the packaging itself, the packaging is partially clear, such that the Quilted Diamond Emboss Pattern can be seen easily on the bath tissue through the packaging.

33.    The back of QUILTED NORTHERN packaging also includes a trademark registration notice for the Quilted Diamond Emboss Pattern, as depicted below:



34.    The Quilted Diamond Emboss Pattern is inherently distinctive and is not functional.  Moreover, based on extensive advertising, promotion, and sales,

Georgia-Pacific's Quilted Diamond Emboss Pattern has acquired distinctiveness, and enjoys secondary meaning among consumers as a source identifier.

35.     Over the years, the Quilted Diamond Emboss Pattern has been used alone and in combination with floral and flower-and-heart motifs, including as depicted below:

 

36.     The Quilted Diamond Emboss Pattern is the subject of numerous incontestable registrations on the Principal Register of the United States Patent and Trademark Office.

37.     Georgia-Pacific is the owner of federal trademark Reg. No. 2,710,741, issued by the United States Patent and Trademark Office on April 29, 2003, for the Quilted Diamond Emboss Pattern, as depicted below, for "bath tissue."



A copy of the Certificate of Registration for this trademark is attached as **Exhibit 3**. Pursuant to Sections 8 and 15 of the Lanham Act, 15 U.S.C. §§ 1058 and 1065, this registration is incontestable.

38.    Georgia-Pacific is the owner of federal trademark Reg. No. 1,778,352, issued by the United States Patent and Trademark Office on June 22, 1993, for the Quilted Diamond Emboss Pattern, as depicted below in combination with a floral motif, for "bath tissue."



A copy of the Certificate of Registration for this trademark is attached as **Exhibit 4**. Pursuant to Sections 8 and 15 of the Lanham Act, 15 U.S.C. §§ 1058 and 1065, this registration is incontestable.

39.    Georgia-Pacific is the owner of federal trademark Reg. No. 1,979,345, issued by the United States Patent and Trademark Office on June 11, 1996, for the Quilted Diamond Emboss Pattern, as depicted below in combination with a floral and heart motif, for "bath tissue."



A copy of the Certificate of Registration for this trademark is attached as **Exhibit 5**. Pursuant to Sections 8 and 15 of the Lanham Act, 15 U.S.C. §§ 1058 and 1065, this registration is incontestable.

40.    In addition to registrations of the Quilted Diamond Emboss Pattern, Georgia-Pacific owns numerous federal trademark registrations incorporating the designation "QUILTED" or "QUILTED NORTHERN" for bath tissue, including, by way of example, the following:

| MARK | Reg. No. |
|---|---|
| QUILTED | 2,957,128 |
| QUILTED NORTHERN | 2,209,027 |
| QUILTED NORTHERN | 2,968,615 |
| QUILTED NORTHERN | 2,657,013 |
| QUILTED NORTHERN | 2,663,438 |

| MARK | Reg. No. |
|---|---|
|  | 3,642,213 |
| QUILTED NORTHERN SOFT & STRONG | 3,642,378 |
| QUILTED NORTHERN ULTRA | 2,059,102 |
| QUILTED NORTHERN ULTRA PLUSH | 3,517,622 |
| QUILTED NORTHERN PS | 3,018,501 |
|  | 3,463,460<br>3,532,136 |
|  | 2,933,048 |
|  | 3,463,900 |
|  | 3,463,899 |

| MARK | Reg. No. |
|---|---|
| QUILTED NORTHERN | 1,877,561 |

Copies of the Certificates of Registration for these marks are attached collectively as **Exhibit 6**, as are the chain of title documents for all registrations in Exhibits 3-7. With regard to several of these registrations, affidavits have been filed pursuant to Sections 8 and 15 of the Lanham Act, 15 U.S.C. §§ 1058 and 1065, and those registrations are incontestable.

41. Based on Georgia-Pacific's use of the QUILTED NORTHERN Trade Dress, Georgia-Pacific has also applied to the United States Patent and Trademark Office to register the QUILTED NORTHERN Trade Dress on the Principal Register, as depicted below (Serial Nos. 77/941,022 and 77/941,020):

 

**Georgia-Pacific's Promotion of the Quilted
Northern Brand and the Quilted Diamond Emboss Pattern**

42.    Since 1997, Georgia-Pacific has invested well in excess of $250
million in promotion of its QUILTED NORTHERN bath tissue featuring the
Quilted Diamond Emboss Pattern, which includes national advertising, print
advertising, and other promotional activities.  Since 2006, Georgia-Pacific's bath
tissue line has included QUILTED NORTHERN Soft & Strong (and QUILTED
NORTHERN Ultra Plush) bath tissues.

43.    In addition to Georgia-Pacific's significant investment in advertising
its QUILTED NORTHERN brand to consumers, Georgia-Pacific also promoted its
brand through investing in over $1 billion in promotional trade programs for
Georgia-Pacific's retail customers since 2003.

44.    In addition to traditional print and television advertising, Georgia-
Pacific promoted and featured its QUILTED NORTHERN bath tissue and the
Quilted Diamond Emboss Pattern through sponsoring numerous well-known
events such as the Susan G. Komen Race for the Cure, Kroger's Breast Cancer
Awareness Month and the Atlanta-based "TP on my shoe" promotion for breast
health awareness.  For example, at the Susan G. Komen race, Georgia-Pacific
offered mobile restrooms for the race participants featuring QUILTED
NORTHERN bath tissue.  These activities have been sponsored all across the

nation, in such cities as Atlanta and Boston. Since 2004, Georgia-Pacific has spent

over $10 million related to the Race for the Cure, including a QUILTED

NORTHERN Soft & Strong Champions campaign. Georgia-Pacific also promotes

its QUILTED NORTHERN bath tissue through offering its customers coupons,

free standing inserts, sell sheets and sales materials to customers, and outdoor

advertising such as posters promoting QUILTED NORTHERN bath tissue.

Representative samples of these promotions are attached as **Exhibit 7**.

45.    From 1997 through 2007, television advertising for QUILTED

NORTHERN bath tissue featured animated "Quilters," who were depicted

"stitching" the Quilted Diamond Emboss Pattern onto the tissue. Georgia-Pacific

purchased over $125 million worth of television advertising featuring the

QUILTED NORTHERN Quilters and the Quilted Diamond Emboss Pattern. Other

recent QUILTED NORTHERN campaigns also focus on the Quilted Diamond

Emboss Pattern. Representative screen shots from these television advertising

campaigns are attached as **Exhibit 8**.

46.    Georgia-Pacific's QUILTED NORTHERN advertising and marketing

includes and features the packaging for the bath tissue, including the QUILTED

NORTHERN Trade Dress. By way of example, the packaging is depicted in the

advertising, coupons, free standing inserts, and in-store sales materials to

23

customers attached in Exhibit 8. The QUILTED NORTHERN Trade Dress also appears in promotional material associated with the QUILTED NORTHERN Soft & Strong Champions campaign in partnership with the Susan G. Komen Race for the Cure, attached as **Exhibit 9**.

47. Since 1998, retail sales of QUILTED NORTHERN bath tissue featuring the Quilted Diamond Emboss Pattern (and inclusive of bath tissue with the QUILTED NORTHERN Trade Dress), have totaled over $7 billion.

## DEFENDANTS' UNLAWFUL ACTS

48. Family Dollar is a customer of Georgia-Pacific, and sells ANGEL SOFT bath tissue.

49. On information and belief, Sun Paper is the manufacturer and supplier of the "Soft" and "Soft & Strong" bath tissue sold by Family Dollar. Although Sun Paper's website claims that its "available embossing patterns are unique in the industry," the Family Dollar bath tissues supplied by Sun Paper actually are embossed with colorable imitations of the Quilted Diamond Emboss Pattern, and in packaging closely resembling ANGEL SOFT and QUILTED NORTHERN packaging, which Family Dollar then markets and sells.

## **Trade Dress Infringement**

50.    In February 2010, Defendants began manufacturing, distributing, and marketing two bath tissues under the "Soft" and "Soft & Strong" names, long after Georgia-Pacific commenced selling bath tissue packaged in the distinctive ANGEL SOFT Trade Dress and in the distinctive QUILTED NORTHERN Trade Dress.

51.    In a blatant attempt to take advantage of Georgia-Pacific's goodwill, Defendants have replicated Georgia-Pacific's ANGEL SOFT Trade Dress in conjunction with the launch of the new Family Dollar "Soft" bath tissue, which is sold in packaging as depicted below:



52.    The overall appearance of the Family Dollar "Soft" packaging is confusingly similar to Georgia-Pacific's ANGEL SOFT Trade Dress:



53.    Like the ANGEL SOFT Trade Dress, the Family Dollar Soft packaging contains of a wavy, teal banner wrapped around the middle of the package, with a thin ribbon in another color bordering the top and bottom of the teal banner, and a depiction of a baby in the front center of the package.

54.    Likewise, Defendants' packaging for the Family Dollar "Soft & Strong" bath tissue, depicted below, prominently features an imitation of the Quilted Diamond Emboss Pattern in an obvious attempt to trade on the goodwill associated with QUILTED NORTHERN and the QUILTED NORTHERN Trade Dress:



55.    The overall appearance of the Family Dollar Soft & Strong packaging is confusingly similar to Georgia-Pacific's QUILTED NORTHERN Trade Dress:



56.    Like the QUILTED NORTHERN Trade Dress, the Family Dollar Soft & Strong packaging features a banner comprised of an imitation of the Quilted Diamond Emboss Pattern wrapping around the middle of the package, and bordered by a ribbon of a different shade.

## **Trademark Infringement**

57.    In addition, both the Family Dollar Soft and the Family Dollar Soft &
Strong bath tissues feature the emboss design below:



58.    The emboss design used on Family Dollar bath tissue is confusingly
similar to the Quilted Diamond Emboss Pattern:

QUILTED DIAMOND                FAMILY DOLLAR DESIGN
EMBOSS PATTERN

          

59.    The Family Dollar Soft & Strong packaging (as shown on the right
below) also features a design likely to be confused with the Quilted Diamond

Emboss Pattern, which is prominently featured on QUILTED NORTHERN

packaging (as shown on the left below):



60.    The Family Dollar design used on emboss and packaging is

confusingly similar to the design depicted in federal trademark registration No.

2,710,741:



61.    The Family Dollar design used on emboss and packaging likewise is

confusingly similar to the design depicted in federal trademark registration No.

1,778,352:



62.    The bath tissues manufactured, marketed, sold, and offered for sale by Defendants are not manufactured by Georgia-Pacific, nor are Defendants associated or connected with Georgia-Pacific, or licensed, authorized, sponsored, endorsed, or approved by Georgia-Pacific.

63.    On information and belief, Sun Paper has manufactured for Family Dollar, and/or supplied to Family Dollar, the infringing bath tissue that Family Dollar offers for sale. Sun Paper is not associated or connected with Georgia-Pacific, and is not licensed, authorized, sponsored, endorsed or approved by Georgia-Pacific with regard to bath tissue.

64.    The bath tissues manufactured and supplied by Sun Paper, and sold by Family Dollar, compete directly with bath tissues sold by Georgia-Pacific, and these goods are sold through identical and overlapping channels of trade. Indeed, Family Dollar's Soft bath tissue is sold side-by-side with Georgia-Pacific's ANGEL SOFT bath tissue within Family Dollar's retail stores, as depicted below:



65.    The Family Dollar packaging and emboss are likely to deceive, confuse, and mislead purchasers, prospective purchasers, and others into believing that bath tissues manufactured and supplied by Sun Paper and sold by Family Dollar are manufactured by, authorized by, or in some manner associated with Georgia-Pacific, when such is not the case. The likelihood of confusion, mistake, and deception engendered by Defendants' misappropriation of Georgia-Pacific's ANGEL SOFT Trade Dress, QUILTED NORTHERN Trade Dress, and Quilted Diamond Emboss Pattern is causing irreparable harm to the goodwill symbolized by the ANGEL SOFT Trade Dress, the QUILTED NORTHERN Trade Dress, and the Quilted Diamond Emboss Pattern, and the reputation for quality that each embodies.

66.    Defendants' activities are likely to cause confusion among purchasers, prospective purchasers, and others viewing Family Dollar's bath tissues. By

31

causing such a likelihood of confusion, mistake, and deception, Defendants are inflicting irreparable harm to the goodwill symbolized by the ANGEL SOFT Trade Dress, the QUILTED NORTHERN Trade Dress, the Quilted Diamond Emboss Pattern, and the reputation that each embodies.

67.    Defendants began manufacturing, distributing, selling, and/or offering for sale the infringing bath tissues and packaging after Georgia-Pacific had established, protectable rights in its ANGEL SOFT Trade Dress, its QUILTED NORTHERN Trade Dress, and its Quilted Diamond Emboss Pattern, and after each had become recognized by consumers as a distinctive identifier of the source of bath tissue products.

68.    On information and belief, Defendants knowingly, willfully, intentionally, and maliciously adopted and used confusingly similar imitations of Georgia-Pacific's ANGEL SOFT Trade Dress, QUILTED NORTHERN Trade Dress, and Quilted Diamond Emboss Pattern.

## False Advertising and False Association

69.    Defendants' packaging also includes "Compare To" statements that mislead consumers to believe that Family Dollar's "Soft" and "Soft & Strong" bath tissues have identical qualities and overall performance characteristics as Georgia-Pacific's ANGEL SOFT and QUILTED NORTHERN bath tissue brands,

32

respectively, and/or that Family Dollar's bath tissues are associated with, affiliated with, or endorsed by Georgia-Pacific.

70.    Family Dollar's Soft bath tissue packaging includes the statement "COMPARE to ANGEL SOFT® Bathroom Tissue" at the top right corner of the teal banner, as depicted below:



71.    Family Dollar's Soft & Strong bath tissue packaging includes the statement "COMPARE to QUILTED NORTHERN® Bathroom Tissue" at the top right corner of the blue banner, as depicted below:



72.    These "Compare To" packaging statements convey a false and/or misleading representation of fact, namely that Defendants' bath tissues are of a

quality equal to Georgia-Pacific's bath tissues, among other false messages. In truth, however, Defendants' bath tissues are not comparable to those of Georgia-Pacific. With respect to several performance characteristics that are meaningful to consumers, Defendants' bath tissues are *inferior* to Georgia-Pacific's bath tissues.

73.    The representations of fact made by Defendants on the bath tissue packaging – express, express by necessary implication, and implied – misrepresent an inherent quality or characteristic of Defendants' bath tissues, are material to the purchasing decisions of consumers, and are false and/or likely to deceive or mislead consumers about the properties and characteristics of Defendants' bath tissues.

74.    The false and/or misleading advertising described above has injured and is likely to continue injuring Georgia-Pacific. In particular, if Defendants' false advertising continues, Defendants will benefit from their deception and Georgia-Pacific will be damaged, including harm to the ANGEL SOFT and QUILTED NORTHERN brands, and will lose sales and market share that cannot readily be quantified or recaptured. Accordingly, Georgia-Pacific and the public have a strong interest in preventing the further dissemination of Defendants' deceptive statements.

75.    Moreover, Defendants' use of the ANGEL SOFT and QUILTED NORTHERN marks as part of its "Compare to" statements, which marks are displayed on the front panels of confusingly similar packaging for identical goods, creates a false association in the minds of consumers that Defendants' bath tissues are in some way associated or affiliated with Georgia-Pacific, or endorsed by Georgia-Pacific, when they are not.

**COUNT I:**
**FEDERAL UNFAIR COMPETITION**

76.    Georgia-Pacific repeats and incorporates by reference the allegations in the foregoing paragraphs.

77.    Defendants' use of confusingly similar imitations of the ANGEL SOFT Trade Dress, the QUILTED NORTHERN Trade Dress, and the Quilted Diamond Emboss Pattern, is causing and is likely to continue causing confusion, deception, and mistake by creating the false and misleading impression that Defendants' bath tissues are manufactured or distributed by Georgia-Pacific, or are affiliated, connected, or associated with Georgia-Pacific, or have the sponsorship, endorsement, or approval of Georgia-Pacific.

78.    Defendants' use of the ANGEL SOFT and QUILTED NORTHERN trademarks on Defendants' packaging is causing and is likely to continue causing confusion, deception, and mistake by creating the false and misleading impression

35

that Defendants' bath tissues are manufactured or distributed by Georgia-Pacific,

or are affiliated, connected, or associated with Georgia-Pacific, or have the

sponsorship, endorsement, or approval of Georgia-Pacific.

79.    Defendants have made false representations, false descriptions, and

false designations of origin of their goods, and Defendants' activities, unless

enjoined by this Court, will continue to cause a likelihood of confusion and

deception of members of the public and, additionally, injury to Georgia-Pacific's

goodwill and reputation as symbolized by the ANGEL SOFT Trade Dress, the

QUILTED NORTHERN Trade Dress, the Quilted Diamond Emboss Pattern, the

ANGEL SOFT brand, and the QUILTED NORTHERN brand, all in violation of

15 U.S.C. § 1125(a), for which Georgia-Pacific has no adequate remedy at law.

80.    Defendants' actions demonstrate an intentional, willful, and malicious

intent to trade on the goodwill associated with the ANGEL SOFT Trade Dress, the

QUILTED NORTHERN Trade Dress, the Quilted Diamond Emboss Pattern, the

ANGEL SOFT brand, and the QUILTED NORTHERN brand, to the great and

irreparable injury of Georgia-Pacific.

81.    Defendants' conduct has caused, and is likely to continue causing,

substantial injury to the public and to Georgia-Pacific, and Georgia-Pacific is

entitled to injunctive relief and to recover Defendants' profits, actual damages,

enhanced profits and damages, costs, and reasonable attorneys' fees pursuant to 15 U.S.C. §§ 1125(a), 1116 and 1117.

**COUNT II:**
**FEDERAL TRADEMARK INFRINGEMENT**

82.    Georgia-Pacific repeats and incorporates by reference the allegations in the foregoing paragraphs.

83.    Defendants' emboss design, as well as certain elements of the Soft & Strong bath tissue packaging, are confusingly similar to Georgia-Pacific's registered Quilted Diamond Emboss Pattern, and are likely to cause confusion, deception, and mistake by creating the false and misleading impression that Defendants' bath tissues are manufactured or distributed by Georgia-Pacific, or are associated or connected with Georgia-Pacific, or have the sponsorship, endorsement, or approval of Georgia-Pacific.

84.    Defendants have used and continue to use marks confusingly similar to Georgia-Pacific's federally registered marks in violation of 15 U.S.C. § 1114, and Defendants' activities, unless enjoined by this Court, will continue to cause a likelihood of confusion and deception of members of the public and, additionally, injury to Georgia-Pacific's goodwill and reputation as symbolized by Georgia-Pacific's federally registered marks, for which Georgia-Pacific has no adequate remedy at law.

85.    Defendants' actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with Georgia-Pacific's federally registered marks, to Georgia-Pacific's great and irreparable injury.

86.    Defendants have caused and are likely to continue causing substantial injury to the public and to Georgia-Pacific, and Georgia-Pacific is entitled to injunctive relief and to recover Defendants' profits, actual damages, enhanced profits and damages, costs, and reasonable attorneys' fees under 15 U.S.C. §§ 1114, 1116 and 1117.

## COUNT III:
## FEDERAL FALSE ADVERTISING

87.    Georgia-Pacific repeats and incorporates by reference the allegations in the foregoing paragraphs.

88.    By including "Compare To" statements on their bath tissue packaging, Defendants have made and are making false and/or misleading representations of fact in connection with the sale or offering for sale of Defendants' bath tissues in interstate commerce and in commercial advertising and promotion.

89.    Defendants have made and are making false and/or misleading representations concerning the nature, characteristics, or qualities of Defendants' bath tissues in promotion for those goods, all in violation of §§ 1125(a).

90.    Defendants' actions demonstrate an intentional, willful, and bad faith intent to deceive the public and to harm Georgia-Pacific's business and goodwill.

91.    Defendants are causing, and are likely to continue causing, substantial injury to the public and to Georgia-Pacific.  Georgia-Pacific has no adequate remedy at law and is entitled to injunctive relief and to recover Defendants' profits, actual damages, enhanced profits and damages, costs, and reasonable attorneys' fees pursuant to 15 U.S.C. §§ 1125(a), 1116 and 1117.

### COUNT IV:
### STATE TRADEMARK DILUTION

92.    Georgia-Pacific repeats and incorporates by reference the allegations in the foregoing paragraphs.

93.    The ANGEL SOFT Trade Dress, the QUILTED NORTHERN Trade Dress, and the Quilted Diamond Emboss Pattern are inherently distinctive. Georgia-Pacific has extensively and continuously promoted and used the ANGEL SOFT Trade Dress, the QUILTED NORTHERN Trade Dress, and the registered Quilted Diamond Emboss Pattern in the United States, and the trade dresses and marks thereby have acquired distinctiveness, and are well-known symbols of Georgia-Pacific's bath tissues.

94.    Defendants' unauthorized use of confusingly similar imitations of Georgia-Pacific's ANGEL SOFT Trade Dress, QUILTED NORTHERN Trade

39

Dress, and registered Quilted Diamond Emboss Pattern dilutes and is likely to dilute the distinctiveness of Georgia-Pacific's trade dresses and marks by eroding the public's exclusive identification of these distinctive, well-known trade dresses and marks with Georgia-Pacific, tarnishing and degrading the positive associations and prestigious connotations of the trade dresses and marks, and otherwise lessening the capacity of the trade dresses and marks to identify and distinguish Georgia-Pacific's bath tissues.

95.    Defendants' actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with Georgia-Pacific's ANGEL SOFT Trade Dress, QUILTED NORTHERN Trade Dress, and Quilted Diamond Emboss Pattern or to cause dilution of the ANGEL SOFT Trade Dress, QUILTED NORTHERN Trade Dress, and Quilted Diamond Emboss Pattern, to the great and irreparable injury of Georgia-Pacific.

96.    Defendants are causing and will continue causing irreparable injury to Georgia-Pacific's goodwill and business reputation, and dilution of the distinctiveness and value of Georgia-Pacific's ANGEL SOFT Trade Dress, QUILTED NORTHERN Trade Dress, and Quilted Diamond Emboss Pattern in violation of the Georgia anti-dilution act, O.C.G.A. § 10-1-451 (2007), as well as the anti-dilution laws of the several states, including Alabama, ALA. CODE § 8-12-

17 (2007); Delaware, DEL. CODE ANN. tit. 6, § 3313 (2007); Louisiana, LA. REV.

STAT. ANN. § 51:223.1 (West 2007); Maine, ME. REV. STAT. ANN. tit. 10, § 1530

(West 2007); Missouri, MO. ANN. STAT. § 417.061(1) (West 2007); New

Hampshire, N.H. REV. STAT. ANN. § 350-A:12 (2007); New York, N.Y. GEN. BUS.

LAW § 360-*l* (Michie 2007); Rhode Island, R.I. GEN LAWS § 6-2-12 (2007); and

Texas, TEX BUS. & COM. CODE ANN. § 16.29 (Vernon 2007). Georgia-Pacific

therefore is entitled to injunctive relief, damages and costs, as well as, if

appropriate, enhanced damages and reasonable attorneys' fees.

### COUNT V:
### STATE UNFAIR AND DECEPTIVE TRADE PRACTICES

97.    Georgia-Pacific repeats and incorporates by reference the allegations

in the foregoing paragraphs.

98.    Defendants have been and are passing off their bath tissues as those of

Georgia-Pacific, causing a likelihood of confusion or misunderstanding as to the

source, sponsorship, or approval of Defendants' bath tissues, causing a likelihood

of confusion as to Defendants' affiliation, connection, or association with Georgia-

Pacific, and otherwise damaging the public. Defendants' conduct constitutes

unfair and deceptive acts or practices in the course of a business, trade, or

commerce in violation of Georgia's Unlawful Trade Practices Act, O.C.G.A. §§

10-1-370 to 10-1-375 (2007), and the unfair and deceptive trade practices statutes

41

of other states, including Colorado, COLO. REV. STAT. ANN. §§ 6-1-101 to 6-1-115 (West 1996 and Supp. 2007); Delaware, DEL. CODE ANN. tit. 6, §§ 2531 to 2536 (1993 & Supp. 2007); Illinois, 815 ILL. COMP. STAT. ANN. 510/1 to 510/7 (2007); Maine, ME. REV. STAT. ANN. tit. 10, §§ 1211 to 1216 (West 2007); Minnesota, MINN. STAT. ANN. § 325D.43 to .48 (West 2007); Nebraska, NEB. REV. STAT. §§ 87-301 to 87-306 (2007); New Mexico, N.M. STAT. ANN. §§ 57-12-1 to 57-12-22 (Michie 2007); New York, N.Y. GEN. BUS. LAW § 349 (McKinney 2007); North Carolina, N.C. GEN. STAT. ANN. § 75-1.1 (West 2009); Ohio, OHIO REV. CODE ANN. §§ 4165.01 to 4165.04 (West 2007); and Oklahoma, OKLA. STAT. ANN. tit. 78, §§ 51 to 55 (West 1995 & Supp. 2007).

99.    Defendants' unauthorized use of confusingly similar imitations of Georgia-Pacific's ANGEL SOFT Trade Dress, QUILTED NORTHERN Trade Dress, and Quilted Diamond Emboss Pattern has caused and is likely to continue causing substantial injury to the public and to Georgia-Pacific, and Georgia-Pacific is entitled to injunctive relief and to recover damages, punitive damages, costs, and reasonable attorneys' fees.

## COUNT VI:
## COMMON LAW TRADEMARK INFRINGEMENT,
## UNFAIR COMPETITION, AND FALSE ADVERTISING

100.   Georgia-Pacific repeats and incorporates by reference the allegations in the foregoing paragraphs.

101.   Defendants' acts constitute common law trademark infringement and unfair competition under the laws of the several states, and have created and will continue to create a likelihood of confusion to the irreparable injury of Georgia-Pacific unless restrained by this Court, and Georgia-Pacific has no adequate remedy at law for this injury.

102.   Defendants acted with full knowledge of Georgia-Pacific's use of, and rights to, the ANGEL SOFT Trade Dress and the QUILTED NORTHERN Trade Dress, and use of, and statutory and common law rights to, the Quilted Diamond Emboss Pattern without regard to the likelihood of confusion of the public created by Defendants' activities.

103.   Defendants' conduct constitutes false advertising and unfair trade practices under the common law.

104.   Defendants' actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with Georgia-Pacific's ANGEL SOFT Trade Dress, QUILTED NORTHERN Trade Dress, and the Quilted Diamond

43

Emboss Pattern, and to mislead consumers, to the great and irreparable injury of Georgia-Pacific.

105.   As a result of Defendants' acts, Georgia-Pacific has been damaged in an amount not as yet determined or ascertainable.  At a minimum, however, Georgia-Pacific is entitled to injunctive relief, an accounting of Defendants' profits, damages, and costs.  Further, in light of the deliberately fraudulent and malicious use of confusingly similar imitations of Georgia-Pacific's ANGEL SOFT Trade Dress, QUILTED NORTHERN Trade Dress, and Quilted Diamond Emboss Pattern, and deliberately false and misleading advertising, and the need to deter Defendants from similar conduct in the future, Georgia-Pacific additionally is entitled to punitive damages.

## **PRAYER FOR RELIEF**

WHEREFORE, Georgia-Pacific prays that:

1.   Defendants and all of their agents, officers, employees, representatives, successors, assigns, attorneys, and all other persons acting for, with, by, through, or under authority from Defendants, or in concert or participation with Defendants, be enjoined permanently, from, directly or indirectly:

44

a.  using the ANGEL SOFT Trade Dress, the QUILTED NORTHERN

Trade Dress, the Quilted Diamond Emboss Pattern, or any other copy,

reproduction, or colorable imitation, or confusingly similar version of

the same on or in connection with Defendants' goods;

b.  using any trademark, service mark, trade dress, name, logo, design, or

source designation of any kind on or in connection with Defendants'

goods or services that is a copy, reproduction, colorable imitation, or

simulation of, or confusingly similar to the trademarks, service marks,

trade dresses, names, or logos of Georgia-Pacific;

c.  using any trademark, service mark, trade dress, name, logo, design, or

source designation of any kind on or in connection with Defendants'

goods that is likely to cause confusion, mistake, deception, or public

misunderstanding that such goods are produced or provided by

Georgia-Pacific, or are sponsored or authorized by Georgia-Pacific, or

are in any way connected or related to Georgia-Pacific;

d.  using any trademark, service mark, trade dress, name, logo, design, or

source designation of any kind on or in connection with Defendants'

goods that dilutes or is likely to dilute the distinctiveness of the

trademarks, service marks, trade dresses, names, or logos of Georgia-Pacific;

e.  passing off, palming off, or assisting in passing off or palming off, Defendants' goods as those of Georgia-Pacific, or otherwise continuing any and all acts of unfair competition as alleged in this Complaint;

f.  making available for sale bath tissue products containing the statements "COMPARE to ANGEL SOFT® Bathroom Tissue," "COMPARE to QUILTED NORTHERN® Bathroom Tissue," or any other similar false representations;

g.  disseminating any advertisements or promotional materials making the statement "COMPARE to ANGEL SOFT® Bathroom Tissue," "COMPARE to QUILTED NORTHERN® Bathroom Tissue," or any other similar false representations;

b.  claiming, whether directly or by implication, in any advertising or promotional medium or on packaging, that Defendants' bath tissues are of a quality comparable to Georgia-Pacific's bath tissues; and

c. making any other expressly or impliedly false representations of fact regarding Defendants' or Georgia-Pacific's bath tissue products, or the nature, characteristics or qualities of those bath tissues.

2. Defendants be ordered to recall all goods infringing the ANGEL SOFT Trade Dress, the QUILTED NORTHERN Trade Dress, or the Quilted Diamond Emboss Pattern, or containing any other confusingly similar trade dress or mark, or which contain any false or misleading statements, which have been shipped by Defendants or under Defendants' authority, to any customer including, but not limited to, any wholesaler, distributor, retailer, consignor, or marketer, and also to deliver to each customer a copy of this Court's order as it relates to said injunctive relief against Defendants;

3. Defendants be ordered to deliver up for impoundment and for destruction all bath tissue, bags, boxes, labels, tags, signs, packages, receptacles, advertising, sample books, promotional material, or other materials in the possession, custody, or under the control of Defendants that are found to adopt, infringe, or dilute any of Georgia-Pacific's trade dresses or trademarks, that contain any false or misleading statements, or that otherwise unfairly compete with Georgia-Pacific and its products and services;

47

4.    Defendants be compelled to account to Georgia-Pacific for any and all profits derived by Defendants from the sale or distribution of infringing goods or the sale or distribution of goods containing false or misleading statements as described in this Complaint;

5.    Georgia-Pacific be awarded all damages caused by the acts forming the basis of this Complaint;

6.    Based on Defendants' willful and intentional conduct, the damages award be trebled and the award of Defendants' profits be enhanced as provided for by 15 U.S.C. § 1117(a);

7.    Defendants be required to pay to Georgia-Pacific the costs of this action and its reasonable attorneys' fees pursuant to 15 U.S.C. § 1117(a), and the state statutes cited in this Complaint;

8.    Pursuant to O.C.G.A. § 51-12-5.1, and based on Defendants' willful, intentional, malicious, and bad faith actions, which were done with specific intent to cause harm, punitive damages in favor of Georgia-Pacific and against Defendants in an amount sufficient to punish, penalize and deter;

9.    Georgia-Pacific be awarded interest and prejudgment interest; and

10.    Georgia-Pacific have such other and further relief as the Court may deem just.

## JURY TRIAL DEMAND

Georgia-Pacific respectfully demands a trial by jury on all claims and issues so triable.

This 1st day of March, 2010.

Respectfully submitted,

_____
William H. Brewster
Georgia Bar No. 080422
Sabina A. Vayner
Georgia Bar No. 565211
Kilpatrick Stockton LLP
1100 Peachtree Street, Suite 2800
Atlanta, Georgia 30309-4530
Telephone:  404-815-6500
Facsimile:   404-815-6555
Email: BBrewster@KilpatrickStockton.com
         SVayner@KilpatrickStockton.com

*Of Counsel:*

William M. Bryner
Kilpatrick Stockton LLP
1001 West Fourth Street
Winston-Salem, NC  27101
Telephone:  336-607-7300
Facsimile:   336-607-7500
Email:  WBryner@KilpatrickStockton.com

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

GEORGIA-PACIFIC                           )
CONSUMER PRODUCTS LP,                      )
                                           )
     Plaintiff,                         )        Civil Action No. _____
v.                                         )
                                           )
FAMILY DOLLAR STORES, INC.                 )        DEMAND FOR JURY TRIAL
and SUN PAPER COMPANY,                     )
                                           )
Defendants.                                )

## CERTIFICATE OF COMPLIANCE

Pursuant to Civil Local Rule LR 7.1D, I hereby certify that the foregoing

**COMPLAINT** complies with the relevant font and point selection limitations of

Civil Local Rule LR 5.1C.  This Complaint is typed in Times New Roman (14

point) according to the word-processing system used to prepare it.


This the 1st day of March, 2010.

_____
William H. Brewster
*Counsel for Georgia-Pacific*
*Consumer Products LP*